-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NICHOLAS ZIMMERMAN, CAROL WILLIS,
MELISSA MOJICA, AMY PINCKNEY,
DESIRAY SMITH, JAMES WILLIS, JODI
BERNDT, SHARLYNE GOODING, TOMASZ
MIEZKOWSKI, CHARITY POWERS,
CRYSTAL STEVENS, VICKIE DICOLA,
KRISTINE BARRETT,

Plaintiffs,

-v-

T. TODD, Assistant Inspector
General, JOSEPH WOLCZYK,
Commissioner's Hearing Officer,
HAROLD GRAHAM, Superintendent,
KENNETH E. WOSNESKI, Psychologist,
SUSAN STRICKLAND, Mental Health
Unit Chief, IQBAL, Mental Health
Specialist Doctor, DANIEL VALLA,
Social Worker, JOHN HENDERSON,
Psychologist, NORMAN BEZIO,
Director of Special Housing,
JENNIFER L. BONDONARO, Social
Worker, DANIEL BERNS, Social
Worker, WIDROFF, Mental Health
Specialist Doctor, LUIS E.
HERNANDEZ, Mental Health
Specialist Doctor, T. STRABEL,
Social Worker, EMILIA A.
RUTIGLIANO, Mental Health
Specialist Doctor, SCOTT CLAIR,
Mental Health Clinician, KAPLAN,
Mental Health Specialist, ANTHONY
J. DEVITO, Mental Health
Specialist, L. PEARL, Mail Clerk,
D. BORAWSKI, Lieutenant, PAUL
CHAPPIUS, Deputy, DOLCE, Deputy,



FILED
JUL 8 2014
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

**DECISION AND ORDER**
12-CV-763A

LISA TRAPAZZO, Mental Health
Clinician, VERNON FONDA, Inspector
General Director of Operations,
CATHERINE MASSARI, Prisoner's
Legal Services Staff Paralegal,
ROBINSON, Captain, JAMES MORGAN,
Assistant Director at Central New
York Psychiatric Center, ANTHONY
ANNUCCI, Deputy Commissioner,
ALBERT PRACK, Acting Director of
Special Housing, KAREN BELLAMY,
Director of Inmate Grievance
Program, KENNETH S. PERLAMAN,
Deputy Commissioner, BROWN,
Captain, J. PRUSAK, Legal Mail
Officer, J. NOETH, Captain,
W. MURRY, Lieutenant, O'CONNELL,
Sgt., WILLEY, Sgt., CAROL KRAUSS
Mailroom, Supervisor, D. O'CONNOR,
SCC, JAMES CONWAY, Former Supt.,
MARK L. BRADT, Supt., BARTELLA,
Sergeant, BAUER, Corrections
Officer, CONDONE, Corrections
Officer, HEMBROKE, Corrections
Officer, HARTMAN, Corrections
Officer, N. WEB, Media Review
Officer, MEZYDLO, Corrections
Officer, GEORGE STRUBEL, Grievance,

Defendants.

## INTRODUCTION

Presently before the Court is a civil rights complaint (Docket No. 1), filed by *pro se* plaintiffs Nicholas Zimmerman, Carol Willis, Melissa Mojica, Amy Pinckney, Desiray Smith, James Willis, Jodi Berndt, Sharlyne Gooding, Tomasz Miezkowski, Charity

Powers, Crystal Stevens, Vickie DiCola, and Kristine Barrett ("plaintiffs"), who are seeking relief under 42 U.S.C. § 1983, § 1985 and § 1986.

The first plaintiff, Nicholas Zimmerman, is currently incarcerated at the Clinton Correctional Facility ("Clinton"). All of the other plaintiffs listed in the caption are non-prisoners who reside in New York, Illinois, Florida, Washington, and Arizona. The gravamen of the allegations set forth in the complaint appear to revolve around the filing of a false misbehavior report by defendant Todd, in which he allegedly reported that "plaintiff Zimmerman was involved in a 'conspiracy' with the above named plaintiffs to run a business." (Complaint at p. 7). Plaintiff Zimmerman proceeds to assert that such action taken by defendant Todd "was the initiation point of the conspiracy by [DOCCS] to violate all of the [his] constitutional rights." (Complaint at p. 7). Following the filing of the false misbehavior report, Zimmerman claims that other sixty-five defendants, most of whom are identified as corrections officers and other officials at Attica, joined defendant Todd in the conspiracy to violate his rights, and by doing so also violated the rights of the other plaintiffs, who were trying to correspond with Zimmerman via mail. (See Complaint, pp. 7-14). The complaint is robust in its conclusory assertions, but largely devoid of any specific allegations of fact supporting plaintiffs' sweeping claims of rights violations; after the initial claim that defendant Todd initiated "the conspiracy by DOCS to violate *all* of the plaintiff's constitutional rights" (Complaint, ¶ 69 (emphasis added)), each of the succeeding paragraphs in the inaptly named "Statement of Facts" simply asserts that on such-and-such a date, another defendant or defendants "joined (or "rejoined") the conspiracy" to violate various rights possessed by the plaintiffs. (Complaint, ¶¶ 70-122). By way of illustration, paragraph

3

72 of the complaint alleges that on August 17, 2009, defendant Wosneski "joined the conspiracy" to violate plaintiff Zimmerman's First, Fourth and Fourteenth Amendment rights by holding plaintiff in an observation cell for a two-month period. Paragraphs 73-84 proceed to allege that other defendants then joined the conspiracy by either "affirming Wosneski's decision" or by "learning of Plaintiff's illegal confinement and agreeing with Defendant Wosneski to continue it."[1]

The Court has determined, as explained below, that the action cannot proceed given the failure of the defendants to either pay the filing fee or to submit properly completed motions to proceed in forma pauperis, and the failure of the majority of the defendants to properly sign the complaint.

## DISCUSSION

A civil action is commenced in federal district court through the filing of a complaint. Fed. R. Civ. P. 3. As set forth in Rule 11(a) of the Federal Rules of Civil Procedure, "[e]very pleading...must be signed...by a party personally if the party is unrepresented." Furthermore, the statutory filing fee of three hundred and fifty dollars

---

[1] While the Court is deferring its screening of plaintiffs' allegations under 28 U.S.C. § 1915(e)(2)(B) with respect to whether they are sufficient to state claims that may proceed, until plaintiffs have been afforded the opportunity to sign the complaint and file proper applications to proceed in forma pauperis, see discussion infra, the Court notes that "[a] complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss," Sommer v. Dixon, 709 F.2d 173, 175 (2d Cir.) (per curiam), cert. denied, 464 U.S. 857, 104 S.Ct. 177, 78 L.Ed.2d 158 (1983); see also Leon v. Murphy, 988 F.2d 303, 311 (2d Cir. 1993), and thus a plaintiff may not rely on mere hope that further evidence will develop to support his claim of conspiracy. Leon, 988 F.2d at 311. Instead, a plaintiff must allege specific facts in his complaint to support his allegations of a conspiracy. Leon, 988 F.2d at 311 (citing Eastway Constr. Corp. v. City of New York, 762 F.2d 243, 251 (2d Cir. 1985) ("'[W]here a plaintiff fails to produce any specific facts whatsoever to support a conspiracy allegation, a district court may, in its discretion, refuse to permit discovery and grant summary judgment'") (quoting Contemporary Mission, Inc. v. United States Postal Serv., 648 F.2d 97, 107 (2d Cir.1981)).

($350.00), plus the administrative fee of fifty dollars ($50.00)[2], must be paid at the time an action is commenced, unless a completed application seeking leave to proceed *in forma pauperis* is submitted to the Court. 28 U.S.C. §§ 1914 (a), 1915(a) (2010). The *in forma pauperis* statute requires that each person wishing to commence a lawsuit without payment of the filing fee must submit an application to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1). The claims asserted by any party who fails to comply with these requirements are subject to dismissal. *See, e.g. Harnage v. Arnone*, 2012 U.S. Dist. LEXIS 62906, at *2 (D. Conn. 2012) (dismissing claims asserted by sixty inmates named as plaintiffs to an action who failed to submit an application to proceed *in forma pauperis*).

Additional requirements apply to a plaintiff who is a prisoner proceeding *pro se* and who seeks to proceed *in forma pauperis*. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) ("PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal *in forma pauperis*. Under the PLRA, a prisoner seeking to bring a civil action *in forma pauperis* must submit an affidavit or affirmation, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner must also submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The

---

[2] Effective May 1, 2013, an additional administrative fee of $50.00 has been added to the total cost of filing a civil lawsuit in District Court, which brings the total cost to $400.00. This additional administrative fee does not apply to prisoners who are granted permission to proceed *in forma pauperis*.

5

prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. The Court, rather than require a prisoner to obtain a certified copy of his inmate trust fund account statement, permits a prisoner to have prison officials complete and sign a Prison Certification, which is included within the Court's form motion to proceed *in forma pauperis*. The Prison Certification requires prison officials to set forth the information noted in the inmate trust fund account statement as required pursuant to 28 U.S.C. § 1915(a)(2).

The PLRA also requires a prisoner who seeks to proceed *in forma pauperis* to submit a signed Prison Authorization form authorizing the institution in which a prisoner is confined to pay the full $350.00 fee. 28 U.S.C. § 1915(b)(1)-(4). Even if the prisoner is granted *in forma pauperis* status, the prisoner must pay the full amount of the $350.00 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's inmate trust account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiffs may not have known when they submitted the instant complaint that they must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e)(2)(B) (*in forma pauperis* actions). *See also* 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions).[3] If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

In the instant action, all plaintiffs have failed to submit a motion to proceed *in forma pauperis*, and plaintiff Zimmerman has also failed to file a completed and signed Prison Certification, 28 U.S.C. § 1915(a)(1)-(2), and a Prison Authorization form authorizing the institution in which he is confined to pay the full $350.00 as set forth above, *id.*, § 1915(b)(1)-(4).

Thus, before this action can proceed, and the Court review the claims asserted pursuant to 28 U.S.C. § 1915(e)(2)(B), plaintiff Zimmerman must submit to the Court (1) a motion to proceed *in forma pauperis* that includes a Prison Certification pursuant to 28 U.S.C. § 1915(a)(1)-(2), **and** a Prison Authorization form pursuant to 28 U.S.C. § 1915(b)(1)-(4) or (2) the $350.00 filing fee and $50.00 administrative fee ($400.00 total fees). Furthermore, the remaining plaintiffs must each submit a properly completed and executed motion to proceed *in forma pauperis. See Amaker v. Goord*, 2009 U.S. Dist. LEXIS 47477, at *9 (W.D.N.Y. June 4, 2009) (directing each plaintiff to submit a separate application to proceed *in forma pauperis*).

---

[3] If a prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

There is an additional matter to be addressed with regard to plaintiffs' complaint. The complaint has only been signed by five of the thirteen plaintiffs named in the case caption, namely, plaintiffs Zimmerman, C. Willis, Smith, Gooding, and Powers. (*See* Complaint at pp. 17-18). In accordance with the requirements of Rule 11(a), each plaintiff must sign the complaint and state his or her address, email address, and telephone number. See Fed. R. Civ. P. 11(a).

"If the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b). However, "dismissal of an action under Rule 41(b) is considered a 'harsh remedy' that should 'be utilized only in extreme situations.'" *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (quoting *Minette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)). This holds especially true when the plaintiff is a *pro se* litigant. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)(noting that "*pro se* plaintiffs should be granted special leniency regarding procedural matters" and "deference is due to a district court's decision to dismiss a *pro se* complaint only when circumstances are sufficiently extreme.") (citation and quotations omitted); *See also Riccardo v. Cassidy*, 2012 WL 651853, at *8-9 (N.D.N.Y. Feb. 28, 2012) (denying defendant's Motion to Dismiss for failure to comply with Rule 11(a) and directing plaintiff to submit a signed copy of his amended complaint).

Accordingly, in order to remain plaintiffs in this action, plaintiffs J. Willis, Pinckney, Mojica, Mieczkowski, DiCola, Barrett, Berndt, and Stevens must also provide their signatures on the last page of the complaint. Failure to comply to such

8

requirement will result in their dismissal as parties to this action. See *DiProjetto v. Allen,* 2009 WL 1405447, at *2 (W.D.N.Y. May 18, 2009) (dismissing the action without prejudice where plaintiff failed to correct omission of signature on complaint).

## ORDER

Accordingly it is hereby:

ORDERED that each plaintiff submit, **within thirty (30) days** of the filing date of this Order, a motion requesting that he or she be permitted to proceed *in forma pauperis,* **or** pay the full filing fee of $350.00 and an administrative fee of $50.00;

FURTHER, that plaintiff Nicholas Zimmerman must, **within thirty (30) days** of the filing date of this Order, also include with his motion to proceed *in forma pauperis,* a Prison Certification pursuant to 28 U.S.C. § 1915(a)(1)-(2), **and** a Prison Authorization form pursuant to 28 U.S.C. § 1915(b)(1)-(4);

FURTHER, that plaintiffs James Willis, Amy Pinckney, Melissa Mojica, Tomasz Mieczkowski, Vickie DiCola, Kristine Barrett, Jodi Berndt, and Crystal Stevens must, **within thirty (30) days** of the filing date of this Order, provide their original signatures on a copy of the complaint, pursuant to Rule 11(a) of the Federal Rules of Civil Procedure, to remain parties to this action;

FURTHER, that the Clerk of the Court is directed to send to all plaintiffs a form motion to proceed *in forma pauperis,* and Prison Authorization form to plaintiff Nicholas Zimmerman;

FURTHER, that the Clerk of the Court is directed to send to plaintiffs James Willis, Amy Pinckney, Melissa Mojica, Tomasz Mieczkowski, Vickie DiCola, Kristine Barrett, Jodi Berndt and Crystal Stevens a copy of the Complaint;

FURTHER, that if a plaintiff fails to comply with the terms of this Order **within thirty (30) days** of the filing date of this Order, the claims purported to be asserted by him or her in this action will be dismissed without prejudice without further order of the Court.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

Dated: July 7, 2014