UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NICHOLAS ZIMMERMAN,

                Plaintiff,

    -against-                                      9:15-cv-1437 (LEK/DEP)

T. TODD, *et al.*,

                Defendants.

## **DECISION and ORDER**

*Pro se* Plaintiff Nicholas Zimmerman ("Plaintiff") commenced this action by filing a civil rights Complaint in the Western District of New York in August 2012. Dkt. No. 1 ("Complaint").[1] Plaintiff also sought leave to proceed *in forma pauperis*. Dkt. No. 14 ("IFP Application"). Senior United States District Judge William M. Skretny of the Western District granted Plaintiff's IFP Application and construed the Complaint to allege claims for the violation of Plaintiff's constitutional rights arising out of his confinement in the custody of the Department of Corrections and Community Supervision ("DOCCS") between July 2009 and November 2011. Decision and Order (W.D.N.Y. May 7, 2015), Dkt. No. 17 ("Sever and Transfer Order").[2] Judge Skretny found that "approximately half" of the alleged violations occurred at Auburn Correctional Facility ("Auburn C.F.") (located in the Northern District) and that Plaintiff's remaining claims arose at Attica Correctional Facility ("Attica C.F.") (located in the Western District). Id. at 7. Judge

---

[1] Twelve other individuals were identified in the Complaint as plaintiffs. See Compl. Those individuals were terminated as plaintiffs on account of their failure to comply with the filing fee requirements for this action. Decision and Order (W.D.N.Y. Dec. 1, 2014), Dkt. No. 11.

[2] Judge Skretny noted that it appeared that Plaintiff was transferred from Auburn Correctional Facility to Attica Correctional Facility at the end of October 2009. Sever and Transfer Order at 8.

Skretny concluded that the Western District was not an appropriate venue for Plaintiff's allegations relating to Auburn C.F. ("Auburn claims") and ordered that the Auburn claims be severed and transferred to the Northern District.[3] Id. Upon review of Plaintiff's claims relating to Attica C.F. ("Attica claims") in accordance with 28 U.S.C. §§ 1915(e) and 1915A, Judge Skretny concluded that they did not survive sua sponte review, but granted Plaintiff leave to file an amended complaint. Id. at 21-23.

By clerical error in the Western District, Plaintiff's Auburn claims were not transferred to the Northern District until December 3, 2015, almost seven months after the transfer was supposed to occur. See Dkt. Nos. 17; 24. As a result, and because of activities that have taken place in the Western District since the issuance of the Sever and Transfer Order (including the filing of Plaintiff's Amended Complaint regarding the Attica claims), the parties and the operative pleadings are not accurately reflected on the Northern District docket. In light of this, the Clerk of the Northern District is to edit the docket as set forth below.

Accordingly, it is hereby:

**ORDERED**, that the Clerk shall terminate the following individuals as Defendants in this action: T. Strabel, Emilia A. Rutigliano, Scott Clair, Richard Pautz, L. Pearl, D. Borawski, Paul Chappius, Dolce, Lisa Trapazzo, Vernon Fonda, Catherine Massari, Robinson, James Morgan, Anthony Annucci, Albert Prack, Karen Bellamy, Kenneth S. Perlman, Brown, J. Prusak, J. Noeth, W. Murray, O'Connell, Willey, Carol Krauss, D. O'Connor, James Conway, Mark L. Bradt, Bartella, Bauer, Condone, Hembroke, Hartman, N. Web, Mezydlo, George Strubel, Loverde,

---

[3] Judge Skretny identified the Auburn claims as being alleged in "paragraphs 69 through 81 and 86 and 87" of the Complaint. Sever and Transfer Order at 8, 23.

2

Shepanski, Olles, and Whiteford;[4] and it is further

**ORDERED**, that the Clerk shall strike from the docket of the Northern District action the submissions filed at docket entry numbers 18-22, because those submissions relate only to the Attica claims that were retained by the Western District of New York and the proceedings in that District; and it is further

**ORDERED**, that once the docket is corrected, the Clerk shall return the file to the Court for review of the Auburn claims set forth in the original Complaint; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Decision and Order on Plaintiff.

**IT IS SO ORDERED.**

DATED:   December 16, 2015
         Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge

---

[4] These Defendants remain as defendants in the original Western District action. See Zimmerman v. Todd, No. 1:12-CV-0763 (W.D.N.Y. filed Aug. 13, 2012).

3