UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NICHOLAS ZIMMERMAN,

                Plaintiff,

   -against-                                    9:15-CV-1437 (LEK/DEP)

JOSEPH WOLCZYK, *et al.*,

                Defendants.

## **DECISION AND ORDER**

**I. INTRODUCTION**

In a Decision and Order filed July 8, 2016, the Amended Complaint filed by pro se Plaintiff Nicholas Zimmerman was accepted for filing and review in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) insofar as Plaintiff asserted claims arising out of his confinement at Auburn Correctional Facility ("Auburn C.F.") against defendants Todd, Wolczyk, Graham, Bezio, Wosneski, Strickland, Iqbal, Valla, Henderson, Bordonaro, Berns, Widroff, Hernandez, Kaplan, and Devito. Dkt. Nos. 30 ("Amended Complaint"), 37 ("July Order").[1]

After reviewing the Amended Complaint, the Court concluded that Plaintiff's First and Eighth Amendment claims arising out of disciplinary proceedings in July 2009 survived the Court's review and required a response from defendants Todd, Wolczyk, Graham, and Bezio. July Order at 16. The Court also found that Plaintiff had alleged facts that plausibly suggest he was denied due process at the July 23, 2009 disciplinary hearing in violation of his Fourteenth Amendment rights, and that he enjoyed a protected liberty interest in the disciplinary

---

[1] Those claims (the "Auburn claims") arise out of (i) disciplinary proceedings, (ii) a period during which Plaintiff was confined in an observation cell at Auburn C.F., and (iii) an alleged conspiracy to violate Plaintiff's constitutional rights. See July Order at 5–6.

proceedings. Id. at 7. However, because Plaintiff was subjected to "mixed sanctions" affecting both the duration and the conditions of his confinement, his due process claims as drafted were barred by the favorable termination rule set forth in Heck v. Humphrey, 512 U.S. 477 (1994). Id. at 7–8. Accordingly, the Court advised Plaintiff that if he desired to proceed with his due process claims against defendants Wolczyk, Graham, and Bezio challenging the sanctions affecting the conditions of his confinement, he must advise the Court in writing that he waives for all time all claims in this action relating to disciplinary sanctions affecting the duration of his confinement (i.e., the recommended loss of eight months good time). Id. at 16.[2] Plaintiff's remaining claims were dismissed. Id. at 17.

Presently before the Court is Plaintiff's Peralta Waiver, Dkt. No. 40, and Plaintiff's motion for reconsideration of the July Order, Dkt. No. 41 ("Reconsideration Motion").

## II. DISCUSSION

### A. Peralta Waiver

As directed in the July Order, Plaintiff has submitted a written statement in which he acknowledges that he is "waiving my rights to argue all issues related to my loss of good time credits, also known as my 'Peralta Rights.'" Dkt. No. 40.

In accordance with Plaintiff's Peralta Waiver, all claims set forth in the Amended Complaint relating to disciplinary sanctions imposed on Plaintiff at the July 2009 disciplinary hearing that affect the duration of his confinement (i.e., the recommended loss of eight months

---

[2] The required statement is referred to as a "Peralta Waiver." July Order at 8.

good time) are dismissed.[3]

**B. Motion for Reconsideration**

"A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." Delaney v. Selsky, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)). "In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements." Maye v. New York, No. 10-CV-1260, 2011 WL 4566290, at *2 n.6 (N.D.N.Y. Sept. 29, 2011) (quoting C-TC 9th Ave. P'ship v. Norton Co., 182 B.R. 1, 2 (N.D.N.Y. 1995)). A motion to reconsider "is generally not favored and is properly granted only upon a showing of exceptional circumstances." Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (quoting United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001)).

Plaintiff seeks reconsideration of the July Order insofar as the claims arising out of his confinement in an observation cell and his conspiracy claims were dismissed for failure to state a claim in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Recons. Mot.

In his motion, Plaintiff argues at length that his confinement in a mental health observation cell was wrongful. He devotes approximately fifteen pages to a critique of the "adverse and extremely hostile" report prepared by Dr. Rutigliano in November 2009 regarding Plaintiff's mental health status and, more generally, to the inadequacy of mental health treatment

---

[3] The due process claims challenging the sanctions affecting the conditions of his confinement are pending, as are Plaintiff's First and Eighth Amendment claims arising out of the challenged disciplinary proceedings. See July Order at 8–9.

3

afforded to DOCCS inmates. See Recons. Mot. at 4–20.[4] Plaintiff also seeks reinstatement of his conspiracy claims and urges the Court to consider Plaintiff's supplemental legal arguments regarding the pleading obligations imposed on pro se litigants and the nature of conspiracy claims. Id. at 24; see Dkt. No. 41-1.[5]

The Court has reviewed Plaintiff's motion thoroughly and with due regard for his status as a pro se litigant. On the basis of that review, the Court finds that nothing set forth therein demonstrates that reconsideration of the July Order is necessary to prevent "manifest injustice."[6] It is well settled that a motion for reconsideration is not a vehicle for "relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise 'taking a second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). Plaintiff's disagreement with the Court's rulings in the July Order does not warrant the relief requested. See Shrader, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

As a result, Plaintiff's motion for reconsideration is denied.

---

[4] According to Plaintiff, Dr. Rutigliano found Plaintiff to be psychiatrically stable and recommended that he be released from observation status and returned to SHU. Recons. Mot. at 5–6. Plaintiff appears to claim that he should have been transferred to a state mental health facility such as the Marcy Mental Health Hospital, which is "flushed with all types of amenities and privileges that SHU prisoners are not entitled to ordinarily." Dkt. No. 34 at 3. Dr. Rutigliano is not a defendant in this action. See Dkt. No. 25.

[5] This thirteen page submission is entitled "The Curious Case of Twombly/Iqbal?" Dkt. No. 41-1. Plaintiff also submitted a further copy of his "Second Additional Response to the Courts Order dated January 29, 2016," Dkt. No. 34, setting forth arguments in support of his position that the intracorporate conspiracy doctrine does not bar his claims, Dkt. No. 41-1.

[6] Plaintiff does not claim that there has been an intervening change in the controlling law or that new evidence not previously available has come to light. See Delaney, 899 F. Supp. at 925.

### III. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that in accordance with Plaintiff's <u>Peralta</u> Waiver (Dkt. No. 40), the due process claims against defendants Wolczyk, Graham, and Bezio relating to disciplinary sanctions imposed on Plaintiff at the July 2009 disciplinary hearing that affect the duration of his confinement (i.e., the recommended loss of good time) are **DISMISSED**; and it is further

**ORDERED**, that upon receipt from Plaintiff of the documents required for service, the Clerk of the Court shall issue summonses and forward them to the U.S. Marshal for service of process on the remaining defendants (Todd, Wolczyk, Graham, and Bezio); and it is further

**ORDERED**, that the Clerk shall forward a copy of the summons and Amended Complaint (Dkt. No. 30) by mail to the Office of the New York State Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED**, that Defendants, or their counsel, shall file a response to the Amended Complaint as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that Plaintiff's Reconsideration Motion (Dkt. No. 41) is **DENIED**; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Decision and Order on Plaintiff.

**IT IS SO ORDERED.**

DATED:  October 17, 2016
        Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge