UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NICHOLAS ZIMMERMAN,

                Plaintiff,

  -against-                                   9:15-CV-1437 (LEK/DEP)

T. TODD, Assistant Inspector General,
*et al.*,

                Defendants.

## ORDER

### I. INTRODUCTION

This matter comes before the Court following a Report-Recommendation filed on August 30, 2018, by the Honorable David E. Peebles, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 76 ("Report-Recommendation").

### II. LEGAL STANDARD

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301,

306–07, 306 n.2 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

## III. DISCUSSION

No objections were filed in the allotted time period. Docket. Accordingly, the Court has reviewed the Report-Recommendation for clear error and has found none. Barnes, 2013 WL 1121353, at *1. The Court therefore adopts the Report-Recommendation in its entirety; denies Plaintiff's motion for summary judgment, Dkt. No. 57 ("Plaintiff's Summary Judgment Motion"); grants Defendants' motion for summary judgment, Dkt. No. 66 ("Defendants' Summary Judgment Motion"); and dismisses in its entirety Plaintiff's amended complaint, Dkt. No. 30 ("Amended Complaint").

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 76) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Summary Judgment Motion (Dkt. No. 57) is **DENIED;** Defendants' Summary Judgment Motion (Dkt. No. 66) is **GRANTED**; and the Amended Complaint (Dkt. No. 30) is **DISMISSED** in its entirety; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:  September 28, 2018
        Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge