UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NICHOLAS ZIMMERMAN, *et al.*,

                Plaintiff,

   -against-                                       9:15-CV-1437 (LEK/ML)

T. TODD, *et al.*,

                Defendants.

**DECISION AND ORDER**

**I.    INTRODUCTION**

Pursuant to 42 U.S.C. § 1983, pro se plaintiff Nicholas Zimmerman filed this case in the Western District of New York against several individuals employed by the New York State Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 1 ("Complaint"). The following of Plaintiff's claims, which have undergone multiple rounds of review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, require resolution: (1) a First Amendment retaliation claim against Thomas Todd, a senior investigator for the New York State Office of Special Investigations ("OSI"), for issuing a misbehavior report against Plaintiff on July 9, 2009; (2) Fourteenth Amendment claims against Todd, Joseph Wolczyk, a DOCCS commissioner hearing officer, Harold Graham, the superintendent of Auburn Correctional Facility, and Norman Bezio, the DOCCS director of Special Housing/Inmate Disciplinary Program, for denying Plaintiff due process at a disciplinary hearing on July 23, 2009; and (3) Eighth Amendment claims against Todd, Wolczyk, Graham, and Bezio for imposing disciplinary sanctions upon Plaintiff as a result of the July 23, 2009 hearing. Presently before the court is United States Magistrate Judge David

E. Peebles's Report-Recommendation[1] on the parties' cross-motions for summary judgment[2] regarding Plaintiff's remaining claims. Plaintiff timely filed objections to the Magistrate Judge's Report-Recommendation. Dkt. No. 83 ("Objections").

## II. RELEVANT BACKGROUND

The facts, allegations, and procedural history in this case were detailed in orders of the Western District of New York,[3] this Court,[4] and in the Report Recommendation of Magistrate Judge Peebles, familiarity with which is assumed.

### A. Magistrate Judge Peebles's Report-Recommendation

Magistrate Judge Peebles recommended dismissal of Plaintiff's First Amendment retaliation claim against Todd because no reasonable factfinder could conclude that Plaintiff engaged in constitutionally protected conduct by operating a business in violation of prison regulations. R. & R. at 13. He further recommended dismissal of Plaintiff's Fourteenth Amendment claims against Todd, Wolczyk, Graham, and Bezio because (1) no reasonable factfinder could conclude that Plaintiff's due-process rights were violated in connection with a mail-watch order; (2) Todd's failure to disclose to Plaintiff the identities of the individuals to which Todd referred in his misbehavior report as "accomplices" was harmless and none of

---

[1] Dkt. No. 76 ("Report and Recommendation").

[2] Dkt. Nos. 57 ("Plaintiff's Motion for Summary Judgment"); 66 ("Defendants' Motion for Summary Judgment").

[3] Dkt. Nos. 6 ("July 7, 2014 Decision and Order"); 17 ("May 7, 2015 Decision and Order").

[4] Dkt Nos. 25 ("December 16, 2015 Decision and Order"); 26 ("January 29, 2016 Decision and Order); 37 ("July 7, 2016 Decision and Order"); 42 ("October 17, 2016 Decision and Order").

Plaintiff's due-process rights were violated when Todd gave a portion of his disciplinary-hearing testimony outside of Plaintiff's presence; (3) no reasonable juror could find that Wolczyk violated Plaintiff's due-process rights by denying his request to call unidentified individuals as witnesses; (4) Wolczyk was a fair and impartial hearing officer whose hearing determination was supported by evidence; and (5) Graham and Bezio did not violate Plaintiff's due-process rights by affirming Wolczyk's disciplinary hearing determination. Id. at 13–24. Finally, Magistrate Judge Peebles recommended dismissal of Plaintiff's Eighth Amendment claims against Todd, Wolczyk, Graham, and Bezio because no reasonable factfinder could conclude that Plaintiff was subjected to unconstitutional conditions of confinement that risked his health or safety.

### B. Plaintiff's Objections to the Report-Recommendation

Generally, in his Objections, Plaintiff asserts the following arguments: (1) Plaintiff engaged in constitutionally protected conduct when he conducted business regarding his websites; (2) the Magistrate Judge erred in concluding no reasonable juror could find that Plaintiff's due-process rights were violated in connection with a mail-watch order; (3) Todd's failure to disclose to Plaintiff the identities of the individuals to whom Todd referred in his misbehavior report as "accomplices" harmed Plaintiff; (4) Magistrate Judge Peebles erred in concluding that no reasonable juror could find Plaintiff's due-process rights were violated when Todd gave a portion of his disciplinary-hearing testimony outside of Plaintiff's presence; (5) the Magistrate Judge erred in concluding that no reasonable juror could find Wolczyk violated Plaintiff's due-process rights by denying his request to call unidentified individuals as witnesses; (6) Wolczyk was not a fair and impartial hearing officer and his decision was not supported by evidence; (7) Magistrate Judge Peebles erred in concluding Graham and Bezio did not violate

3

Plaintiff's due-process rights by affirming Wolczyk's disciplinary hearing determination; and (8) Plaintiff's six-month sentence in solitary confinement violated his Eight Amendment rights. See generally Objs.

III.  LEGAL STANDARD

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

Under Federal Rule of Civil Procedure 56(a), summary judgment may be granted only if all the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett,

4

477 U.S. 317, 322 (1986); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

IV.     ANALYSIS

   A.     **Review of Report-Recommendation**

The Court reviews two of Plaintiff's objections—Plaintiff engaged in constitutionally protected conduct when he conducted business regarding his websites and Magistrate Judge Peebles erred in concluding that no reasonable juror could find Plaintiff's due-process rights were violated when Todd gave a portion of his disciplinary-hearing testimony outside of Plaintiff's presence—de novo. Plaintiff's remaining objections are reviewed only for clear error as those objections simply reiterate arguments previously made to the Magistrate Judge. See Barnes, 2013 WL 1121353, at *1; Farid, 554 F. Supp. 2d at 306–07. The Court finds no clear error in those parts of the Report-Recommendation to which Plaintiff's remaining objections pertain.

Plaintiff was punished pursuant to DOCCS Directive 4422, which prohibits inmates from using the mail to "conduct a mail-order or other business" or "us[ing] their correspondence privileges to solicit or otherwise commercially advertise for money, services, or goods." See N.Y. Comp. Codes R. & Regs. tit. 7, § 720.3(k)–(l). Plaintiff utilized websites to "solicit viewers" to purchase items, "such as compact discs" and Plaintiff's book, and corresponded with outside businesses to provide advertising and graphic content for his websites. Defs.' Mot. Summ. J., Ex. C at 7–15, 22, 28–36. "As a threshold matter, the DOC[C]S regulations prohibiting [P]laintiff from conducting business do not prevent [P]laintiff from exercising his First Amendment rights. While [P]laintiff may not conduct a business, he is not otherwise

5

prevented from disseminating his work. Even if the DOC[C]S regulations did prevent [P]laintiff from exercising his rights under the First Amendment," Plaintiff has failed to satisfy the requirements for bringing a First Amendment retaliation claim. See Jordan v. Garvin, No. 01-CIV-4393, 2004 WL 302361, at *4 (S.D.N.Y. Feb. 17, 2004).

"To survive summary dismissal, a plaintiff asserting First Amendment retaliation claims must advance non-conclusory allegations establishing: (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." Dawes v. Walker, 239 F.3d 489, 492 (2d Cir. 2001), overruled on other grounds, Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). Plaintiff first argues the case law to which Plaintiff cites in his Motion for Summary Judgment, his opposition to Defendant's Motion for Summary Judgment, and related filings demonstrates he engaged in constitutionally-protected conduct when he operated his website. Objs. at 1.[5] Plaintiff's objections fail to explain how any of the cases to which he cites rebut Magistrate Judge Peebles's finding that Plaintiff has not engaged in constitutionally protected conduct. And there is case law to support this finding.

Before addressing such case law, the Court notes Prison inmates have a constitutional right to send and to receive mail. Turner v. Safley, 482 U.S. 78, 89 (1987). These rights, however, "must be exercised with due regard for the 'inordinately difficult undertaking' that is modern prison administration." Thornburgh v. Abbott, 490 U.S. 401, 407 (1989) (quoting Turner, 482 U.S. at 85). Prison officials have the unenviable task of determining when "certain

---

[5] Citations refer to the pagination generated by CM/ECF, the Court's electronic filing system.

6

proposed interactions, though seemingly innocuous to laymen, have potentially significant implications for the order and security of the prison." Thornburgh, 490 U.S. at 407. Given the unique expertise of prison officials in this area, and "that the judiciary is 'ill equipped' to deal with the difficult and delicate problems of prison management," "considerable deference" should be afforded "to the determinations of prison administrators who, in the interest of security, regulate the relations between prisoners and the outside world." Id. at 407–08 (quoting Procunier v. Martinez, 416 U.S. 396, 404–05 (1974). Thus, interference with a prisoner's mail does not violate the First Amendment when the interference is "reasonably related to a legitimate penological interest." Turner, 482 U.S. at 85; see also Giano v. Senkowski, 54 F.3d 1050, 1052–53 (2d Cir. 1995) ("A prison inmate . . . retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.").

The Second Circuit has previously concluded Directive 4422 is "necessary, according to prison officials, to prevent inmates from committing fraud on businesses or from obligating funds beyond their means. The legitimacy of the state's interest in preventing fraud or profligacy by inmates, and thereby promoting the penological objectives of security, order, and rehabilitation cannot seriously be questioned." Rodriguez v. James, 823 F.2d 8, 12 (2d Cir. 1987) (internal citation and quotation marks omitted). The penological objectives underlying Directive 4422 are no less relevant here than they were in Rodriguez. In this case, Plaintiff engaged in conduct that risked him committing fraud on businesses or that could place him in debt, namely requesting advertising and graphic designs for his websites, selling books, and selling compact discs. See Defs.' Mot. Summ. J., Ex. C at 22, 28–36. Thus, while Plaintiff may disagree,

Directive 4422 is "reasonably related to a legitimate penological interest" here, see Turner, 482 U.S. at 85, and, consequently, his business activity was not constitutionally protected, see Jordan, 2004 WL 302361, at *4 (holding an inmate "has no claim for deprivation of a constitutionally-protected right by reason of the prison officials' refusal to permit him to engage in business with" recording companies). While Plaintiff may be upset over the way DOCCS treated him for conducting business from prison, the Court is unable to grant Plaintiff's requested relief.

Plaintiff further argues that Magistrate Judge Peebles erred in concluding that no reasonable juror could find Plaintiff's due-process rights were violated by allowing Todd to give a portion of his disciplinary-hearing testimony outside of Plaintiff's presence. Objs. at 3. He asserts the Magistrate Judge "rejected the more obvious reason why [Todd's testimony] was kept confidential- so that [Plaintiff] could never challenge its accuracy, reliability, and a probable cause for reading my mail." Id. Yet Plaintiff does not dispute Magistrate Judge Peebles's reliance on Sira v. Morton, 380 F.3d 57, 74 (2d Cir. 2004), which holds "that the right to know evidence supporting prison disciplinary rulings is not absolute." Id. (citing Wolff v. McDonnell, 418 U.S. 539, 564–65 (1974)). Sira continues:

> Prison disciplinary proceedings take place in tightly controlled environments peopled by those who have been unable to conduct themselves properly in a free society. The risks of violence or intimidation directed at either other inmates or staff are real. Thus, when the disclosure of evidence presents such risks, hearing officers may properly decline to inform an inmate of the adverse evidence.

Id. at 74–75 (internal citations and quotation marks omitted). Wolczyk allowed Todd to testify to "the methods of the OSI's investigation . . . into [P]laintiff's correspondence activities" outside of Plaintiff's presence given Plaintiff's "prior criminal conviction for attempted escape, which

8

involved an extreme attempted breach of facility security in which an outside accomplice entered Sing Sing Correctional Facility posing as a correction officer in an effort [to] assist [P]laintiff in escaping from DOCCS custody." Defs.' Mot. Summ. J. at 9. Todd's testimony therefore contained information that was "extremely sensitive, and, if revealed to [P]laintiff, could impede OSI's investigation techniques and potentially jeopardize the safety and security of the facility." Id. Hence, Wolczyk's decision to allow Todd to testify in part outside of Plaintiff's presence fits squarely within Sira's rationale for why inmates are not always entitled to hear testimony that may be used against them. In sum, Magistrate Judge Peebles correctly concluded that no reasonable factfinder could find Plaintiff's due-process rights were violated by allowing Todd to give a portion of his disciplinary-hearing testimony in a confidential setting.

V.   **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 76) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Motion for Summary Judgment (Dkt. No. 57) is **DENIED**; and it is further

**ORDERED**, that Defendants' Motion for Summary Judgment (Dkt. No. 66) is **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this action; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:	September 27, 2019
	Albany, New York

Lawrence E. Kahn
U.S. District Judge